From Henry D. Maxwell, Easton, Pa.

---

## Beaverson v. Beaverson.

*Divorce—Cruel and barbarous treatment—Evidence.*

A libel for divorce by a wife on the ground of cruel and barbarous treatment will be dismissed, where the evidence shows that the parties lived together amicably until seven days immediately preceding their separation, when the respondent made vague threats against the libellant, called her opprobrious names and ordered her out of the house, without any evidence of bodily injury to her or impairment of her health by the acts of the respondent.

Libel in divorce. C. P. York Co., April T., 1926, No. 92.

*Harvey A. Gross,* for libellant; no appearance for respondent.

NILES, P. J., June 9, 1926.—Examination of the report of Guy W. Bange, Esq., the master appointed by this court, and of the testimony taken, indicates a careful consideration and compels the court to agree with the master's conclusions and dismiss the exceptions to the report, which recommends that a decree of divorce be refused.

The master's findings of fact are in accordance with the testimony, and in his discussions the essentials are epitomized as follows:

"The whole testimony shows that this young couple experienced no marital difficulties of a serious nature, except during the seven days immediately preceding their separation, when the respondent, as the facts as above found show, made some vague threats of a more or less serious nature against the libellant, called her opprobrious names and accused her of infidelity. There is no evidence that he caused her any bodily injury or that her health was impaired by his acts.

"The fact that the respondent ordered the libellant out of his house may sustain a decree of divorce on the ground of desertion, if the desertion is persisted in by the respondent for the required statutory period.

"In view of the fact that the acts complained of in the libel all occurred within the relatively short period of seven days, your master is of the opinion that these acts were indicative of an isolated fit of passion, and were not of sufficient duration to indicate a settled and continued course of conduct toward, and treatment of, the libellant. Your master is, therefore, of the opinion that these acts should be held to be but a single act."

The record shows no such course of conduct or continued treatment during the week of quarreling over the one cause of the husband's jealousy as can reasonably be said to constitute a condition so intolerable, and rendering libellant's life burdensome, as to warrant a divorce under the Pennsylvania law as it now is.

The master's conclusions of law are approved and adopted, and the four exceptions filed on behalf of the libellant are dismissed, and the decree of divorce is refused at the costs of the libellant, as recommended by the master.

From Richard E. Cochran, York, Pa.